NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD EDWARD HAYES, | : | Civil Action No. 17-7355 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Donald Edward Hayes ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 1, 2011. At issue in this case is only the period beginning March 1, 2011 and ending January 13, 2013. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on February 4, 2016, and the ALJ issued an unfavorable decision on March 7, 2016. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final

decision, and Plaintiff filed this appeal.

In the decision of March 7, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the residual functional capacity determination at step four is not supported by substantial evidence; and 2) the ALJ erred in his consideration of Plaintiff's subjective complaints of pain.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff first argues that the residual functional capacity determination at step four is not supported by substantial evidence. At step four, in short, the ALJ gave great weight to the opinion of consultative medical examiner Dr. Potashnik, who evaluated Plaintiff and submitted a report dated October 30, 2013. (Tr. 286-7.) Dr. Potashnik's report makes only one statement about Plaintiff's functional capacity: "He is limited in activities requiring repetitive bending and heavy lifting." (Tr. 287.) In making the residual functional capacity determination, the ALJ noted that no medical source of record had opined that Plaintiff is disabled or unable to work. Although Dr. Potashnik did not opine that Plaintiff had the capacity to perform sedentary work, the only functional limitations he found involved repetitive bending and heavy lifting. The ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.

Plaintiff does not articulate any rationale supporting his assertion that the RFC determination is not supported by substantial evidence. The brief appears to imply that the record contains a conflicting medical opinion from treating physician Dr. Vives. The record

does not support this. It is correct that Dr. Vives, in his "office note" dated February 4, 2014, wrote: "With respect to his ability to work, I do not believe he will be able to do any kind of labor intensive job or even any kind of job that he has to sit or stand for any lengthy time. He most likely would need to change position every 30 minutes and have a lifting instruction of no greater than 10 to 15 pounds." (Tr. 292.) This assessment, however, was made in 2014, over one year after the end of the period in question in January of 2013. Moreover, in the same report, Dr. Vives wrote that Plaintiff's residual symptoms had gotten "somewhat worse over the last several months." (Tr. 292.) Given this statement, Dr. Vives' 2014 assessment of Plaintiff's functional capacity is not evidence of Plaintiff's functional capacity during the period at issue, which ended in January of 2013.

The record also contains a series of Dr. Vives' "office notes" from the period from November of 2010 through July of 2011. (Tr. 293-309.) These notes show, in summary, that Plaintiff had complained of severe pain and that Dr. Vives recommended spine surgery, which occurred roughly in the third week of March, 2011. (Tr. 301-309.) The record contains "office notes" from post-operative visits in April, May, June and July of 2011. (Tr. 293-300.) These records indicate that Plaintiff, post-surgery, was "doing well overall." (Tr. 295.) Dr. Vives' last note, from July of 2013, states: "I believe by the end of the month, he will be at maximum medical improvement." (Tr. 294.) Dr. Vives also noted at that time that Plaintiff was in discussions with his former employer about returning to work. (Tr. 294.)

This medical evidence suggests that, at the beginning of the period at issue, Plaintiff was experiencing severe pain, underwent surgery in March of 2011, and improved to the point that he was discussing returning to work by July of 2011, when he discontinued visits to Dr. Vives for

4

the remainder of the period at issue. This evidence does not conflict with the ALJ's residual functional capacity determination, nor does it appear to support a claim of disability during the period at issue. Plaintiff has not pointed to any medical evidence which contradicts the ALJ's step four determination.

The relevant evidence of record, thus, supports finding, at most, that Plaintiff could not bend repeatedly and perform heavy lifting during the period at issue. Plaintiff has not shown any basis to find that this conflicts with a functional limitation to sedentary work. While it is correct that the record does not appear to contain any medical opinion that expressly and affirmatively states that Plaintiff is capable of sedentary work, the ALJ's determination is a reasonable inference from the evidence of record.

It is essential to consider this in the context of the fact that, at step four, Plaintiff bears the burden of proof of disability. Plaintiff has pointed to no evidence that could reasonably demonstrate an inability to perform sedentary work. The ALJ's determination that Plaintiff retains the residual functional capacity to perform sedentary work is a reasonable inference from the evidence of record, and therefore this Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

Plaintiff next argues that the ALJ erred at step four by failing to give sufficient weight to Plaintiff's subjective complaints of pain. Plaintiff argues that Plaintiff's subjective complaints are supported by the findings of Drs. Vives and Potashnik. To the extent that these physicians documented Plaintiff's subjective pain, this does not help Plaintiff's case: neither Drs. Vives nor Potashnik found limitations to the ability to perform sedentary work during the period at issue, beyond the first few months of recovery from surgery. Plaintiff has pointed to no medical

evidence that substantiates a claim of disabling levels of pain beyond the first few months of the period at issue. The ALJ did not err in his consideration of Plaintiff's subjective complaints of pain.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 15, 2019